# FILED UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WOODPECKERS, LLC,

               Plaintiff,

       v.

chenxinyuanlinlvhua668, yaoshengdianzi, YUTONGYONG, Rundu Store, zienke, zhongyuzecheng, Prexey, laoqiangmen, yapdi-us, yunchengxianchenbeidianzishangwuyouxiangongsi, Unisemnn, banhekeji, Yuanji store, yangchengleiminshangmaodian, Quirkmyn, Spark US, HJco, beasnanier-US, jia&qing, huizhoushilinfengkejiyouxiangongsi, TopHomerUS, lvyongyong, zhengzhouqilishangmaoyouxiangongsi, Beis flash nine, HAPPY SHOPPING GOO, RILIFE, BEIS FLY thirteen, xiaomubijgjgjgh, Jin chanchan, Long gege, NELVOS TRADE LIMITED, BoomLuo, Ms Nobles, Zero Twenty One, DaShanNao, ytddfd, PASSERBYCHEN, Sophiast, Adwana, Mong KaK, BJFHD, Orienta products, Lydia local, Beis twenty two, banke local first, banke local two, ZHANXIAOBING, YXIIAo TOOLS BUY, Bloom BT, and Banke pro one,

               Defendants.

**<u>SEALED</u>**

Civil Action No.

1

## COMPLAINT

Plaintiff Woodpeckers, LLC, for its complaint against the Defendants identified below, hereby alleges as follows:

## NATURE OF THE ACTION

1)      This is an action for willful copyright infringement in violation of 17 U.S.C. § 504 and willful design patent infringement in violation of 35 U.S.C. § 271, seeking damages, injunctive relief, and other remedies provided by law.

## THE PARTIES

2)      Plaintiff Woodpeckers, LLC ("Plaintiff") is an Ohio limited liability company, with its principal place of business at 13700 Prospect Road, Strongsville, Ohio 44149.

3)      On information and belief, Defendants chenxinyuanlinlvhua668, yaoshengdianzi, YUTONGYONG, Rundu Store, zienke, zhongyuzecheng, Prexey, laoqiangmen, yapdi-us, yunchengxianchenbeidianzishangwuyouxiangongsi, Unisemnn, banhekeji, Yuanji store, yangchengleiminshangmaodian, Quirkmyn, Spark US, HJco, beasnanier-US, jia&qing, huizhoushilinfengkejiyouxiangongsi, TopHomerUS, lvyongyong, zhengzhouqilishangmaoyouxiangongsi, Beis flash nine, HAPPY SHOPPING GOO, RILIFE, BEIS FLY thirteen, xiaomubijgjgjgh, Jin chanchan, Long gege, NELVOS TRADE LIMITED, BoomLuo, Ms Nobles, Zero Twenty One, DaShanNao, ytddfd, PASSERBYCHEN, Sophiast, Adwana,

Mong KaK, BJFHD, Orienta products, Lydia local, Beis twenty two, banke local first, banke local two, ZHANXIAOBING, YXIIAo TOOLS BUY, Bloom BT, and Banke pro one (collectively, "Defendants") are non-U.S. entities, associations, or individuals, believed to be located in China or elsewhere in Asia, each of whom sells, offers for sale, distributes, and/or advertises goods through its virtual storefronts on various e- commerce marketplaces, such as Amazon and Temu (each a "Marketplace" and collectively the "Marketplaces").

4) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## JURISDICTION AND VENUE

5) This Court has original and exclusive subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*, the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331.

6) This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and Laws.

7)      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because a substantial part of the property that is the subject of the action is situated in this District, and/or because the Defendants are subject to personal jurisdiction in this District, and/or because Defendants do not reside in the United States and, therefore, may be sued in any judicial district.

## RELEVANT FACTS

8)      Plaintiff is the creator, manufacturer, and seller of the renowned WOODPECKERS® branded precision woodworking tools, including its innovative Posi-Lock T-Square tools ("WOODPECKERS Products"), which deliver unparalleled accuracy in panel layout work and have achieved significant commercial success.

9)      Plaintiff does its own machining, engraving, assembly and packaging and takes pride in the fact that its tools are truly made in the U.S.A. Plaintiff sells WOODPECKERS Products through its website[1], Amazon storefront[2], and dealers[3]. Plaintiff has enjoyed significant sales of its WOODPECKERS Products

---

[1] www.woodpeck.com

[2] https://www.amazon.com/stores/page/21337DE8-F913-43CA-8C5A-D7FC1F8FEF73/?_encoding=UTF8&store_ref=SB_A0361733216Y5JS5UFADV-A0165979DXH35N3L9QLK&pd_rd_plhdr=t&aaxitk=55aa38d3e9c21ae9ba8f2cc5f86d4d71&hsa_cr_id=0&lp_asins=B0CNHYGPF6%2CB003S7G4HK%2CB0DB6HHNLX&lp_query=woodpecker&lp_slot=auto-sparkle-hsa-tetris&ref_=sbx_be_s_sparkle_ssd_hl&pd_rd_w=SKefq&content-id=amzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d%3Aamzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_p=9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_r=JKVXTZ4PM7EREVJFAGVW&pd_rd_wg=t7FFQ&pd_rd_r=41b21c63-c6f4-460d-86cd-8ab6cca53363

[3] https://www.woodpeck.com/dealers

throughout the United States, including sales to customers in the State of Georgia. Plaintiff has invested significant resources in the design, development, manufacture, advertising, and marketing of its innovative WOODPECKERS Products.

10)    Plaintiff created unique, distinctive, and non-functional designs to use with its WOODPECKERS Products. Plaintiff has extensively and continuously promoted and used its designs for years throughout the United States, including in Georgia. Through that extensive and continuous promotion and use, Plaintiff's WOODPECKERS Products designs have become well-known indicators of the origin and quality of Plaintiff's WOODPECKERS Products.

11)    Plaintiff has protected its innovative designs through a range of intellectual property rights. Plaintiff is the lawful assignee of all rights, title, and interest in and to U.S. Patent No. D957,964 (the "'964 Patent") that covers the ornamental features of its WOODPECKERS Products design. Attached hereto as **Exhibit 1** is a true and accurate copy of the '964 Patent. The '964 Patent was duly and legally issued on July 19, 2022.

12)    Figures 1-7 of the '964 Patent are depicted below.

| Patent Number: | US D957,964 | Issue Date: | July 19, 2022 |
|---|---|---|---|
| Figure 1 |  | | |
| Figures 2-5 | | | |
| Figure 6 | | | |
| Figure 7 | | | |

*See* **Ex. 1**.

13)     Rather than innovate and develop their own woodworking tool ornamental design and sculptural appearance, Defendants deliberately and willfully chose to copy Plaintiff's patented WOODPECKERS Products design and sculptural appearance protected by the '964 Patent. *See generally* Ex. 4.

14)     Upon information and belief, Defendants have and continue to willfully import into the United States, sell, offer for sale, and commercially exploit products that directly infringe Plaintiff's '964 Patent, causing substantial and irreparable harm to Plaintiff.

15)     Upon information and belief, the substantial similarity between Plaintiff's patented design in the '964 Patent and the infringing products sold and offered for sale by Defendants has caused and continues to cause actual confusion and deception among customers and potential customers, leading them to believe that Defendants' unauthorized products are genuine WOODPECKERS Products or are otherwise authorized by or affiliated with Plaintiff.

16)     Plaintiff has invested substantial time, resources, and money in creating and building Plaintiff's valuable videographic portfolio. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests. Plaintiff is also the owner of valid and subsisting U.S. copyright registration U.S. Reg. No. PAu004269922 (the "WOODPECKERS Work"), issued by the United States Copyright Office on July 22, 2025. Attached hereto as **<u>Exhibit 2</u>** is a true

7

and accurate copy of the WOODPECKERS Work[4] registration. A copy of an

image taken from Plaintiff's WOODPECKERS Work is below.



**IMAGE 1: Plaintiff's WOODPECKERS Work**

17)    The WOODPECKERS Work, created by Plaintiff in 2022, is wholly

original and created through Plaintiff's independent creative efforts, and Plaintiff is

the exclusive owner of all right, title, and interest, including all rights under

copyright, in the WOODPECKERS Work.

18)    Since first publication, Plaintiff has continuously and extensively used

the WOODPECKERS Work in connection with advertising and demonstrating the

WOODPECKERS Products. Plaintiff's products and the accompanying

copyrighted work have been the subject of substantial and continuous marketing

and promotion by Plaintiff throughout the United States, leading to successful sales

and recognition of the WOODPECKERS Products.

---

[4] Link to Plaintiff's copyrighted video: https://www.youtube.com/watch?v=8Shqj0gdM28

19)    The WOODPECKERS Work is of significant value to Plaintiff because of the marketing, sales, and recognition benefits Plaintiff receives from the WOODPECKERS Work's exploitation.

20)    Upon information and belief, Defendants have, and continue to, infringe Plaintiff's WOODPECKERS Work after the effective date of the copyright registration.

21)    In doing so, Defendants are utilizing still frames and clips taken directly from the WOODPECKERS Work. *See e.g.*:

| Still Frame Taken From WOODPECKERS Work (Ex. 2.) | Comparison to Defendants Infringement (Ex. 4.) |
|---|---|
|  | *See* Ex. 4 at pp. 6, 9, 29, 33, 39, 44, 53, 57, 62, 69, 70, 73, 79, 93, 104, 106, 118, 128, 131, 137, 150, 152, 168, 170, 173, 175, 177, 182, 185, 189, 194, 200, 220, 255, 262, 328, 340, 355, 360, 362 |
|  | *See* Ex. 4 at pp. 5, 8, 11, 27, 32, 36, 38, 40, 41, 43, 45, 47, 49, 50, 52, 54, 56, 58, 59, 61, 64, 67, 71, 72, 75, 78, 81, 89, 92, 102, 105, 109, 110, 114, 117, 119, 123, 124, 127, 134, 136, 140, 141, 142, 143, 145, 146, 148, 151, 153, 155, 157, 158, 162, 167, 171, 174, 176, 179, 183, 188, |

| | 192, 197, 199, 202, 208, 212, 213, 218, 225, 226, 231, 234, 238, 241, 244, 245, 248, 251, 254, 256, 260, 263, 267, 269, 270, 273, 275, 276, 280, 282, 287, 293, 298, 306, 309, 313, 315, 318, 321, 325, 326, 329, 333, 335, 338, 341, 346, 349, 360, |
|---|---|

22)     To be clear, the still frame and clips taken from the WOODPECKERS

Work capture and display the heart or original elements of the WOODPECKERS

Work. As shown by the table above and through comparison of Exhibit 2 to

Exhibit 4, Defendants product advertisements are either identical to or substantially

similar to Plaintiff's WOODPECKERS Work.

23)     Among the exclusive rights granted to Plaintiff under the U.S.

Copyright Act are the exclusive rights to reproduce, prepare derivative works of,

distribute copies of, and display the WOODPECKERS Work to the public.

Plaintiff has never granted authorization to Defendants to use Plaintiff's

WOODPECKERS Work to advertise, market, or promote unauthorized goods.

24)     The success of Plaintiff's brand has resulted in significant

infringement of the WOODPECKERS Design '964 Patent design and copying of

the WOODPECKERS Work.

25)     Upon information and belief, Defendants reside in the People's

Republic of China or other foreign jurisdictions.

26)     Defendants conduct business throughout the United States, including within the State of Georgia and in this District, through the operation of fully interactive commercial websites or Internet stores ("Defendant Internet Stores") in various online commercial marketplaces, such as Amazon and Temu (each a "Marketplace" and collectively the "Marketplaces").

27)     In doing so, each Defendant targets the United States, including Georgia, and has offered to sell and, on information and belief, has sold and continues to sell knockoff and infringing products to consumers within the United States, including Georgia and this District.

28)     Specifically, Defendants, have offered to sell and, upon information and belief, have sold products to consumers with Plaintiff's WOODPECKERS Work as well as the '964 Patent. *See* **Exhibit 4**.[5]

29)     As shown by comparing Exhibit 4 to Image 1 and the WOODPECKERS Work, Defendants' use of the copyrighted material in offering of goods and infringing products are either identical to the WOODPECKERS Work or constitutes an unauthorized derivative work. Furthermore, Defendants' infringing products are substantially the same in overall appearance as the design claimed in Plaintiff's '964 Patent, such that they would give an ordinary observer

---

[5] Exhibit 4 contains screenshot evidence showing that Defendants' online storefronts offered the infringing products for sale.

the same overall visual impression, thereby infringing Plaintiff's design patent rights.

30)    Upon information and belief, Defendants create numerous Defendant Internet Stores and design these stores to appear to be selling genuine WOODPECKERS Products by unlawfully using WOODPECKERS Work and '964 Patent design, while they actually sell inferior imitations of Plaintiff's WOODPECKERS Products.

31)    Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the seller aliases listed above and shown in **Exhibit 3**[6]**,** and Plaintiff has reason to believe additional aliases exist but are not yet known to Plaintiff. Indeed, Defendants use tactics to conceal their identities and the full scope of their operation which make it virtually impossible for Plaintiff to discover Defendants' true identities and the scope of their infringement network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

32)    Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive

---

[6] Exhibit 3 lists Defendant's identifying information (Merchant Name, Merchant ID, Product ID) and the corresponding use of Plaintiff's Intellectual Property.

network of Defendant Internet stores and Marketplaces. Other Defendant domain names may use privacy services that conceal the owners' identities and contact information.

33)    Defendants have targeted sales to residents of the United States through setting up and operating e-commerce stores that target United States consumers using one or more Seller aliases, offering shipping to the United States, accepting payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, selling knockoff and infringing products to residents of the United States.

34)    Defendants facilitate sales by designing the e-commerce stores operating under the seller aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the seller aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Amazon Pay, and/or PayPal. E-commerce stores operating under the seller aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

35)    Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and

kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

36)    Infringers, such as Defendants here, maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of U.S. courts to avoid payment of any monetary judgment awarded. Upon information and belief, offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of U.S. courts.

37)    Plaintiff has never licensed, authorized, or otherwise permitted Defendants to use the '964 Patent or to copy or redistribute the WOODPECKERS Work, and none of the Defendants are authorized retailers of genuine WOODPECKERS Products.

38)    Upon information and belief, at all relevant times hereto, Defendants have had full knowledge of Plaintiff's ownership of the WOODPECKERS Work and the '964 Patent, including its exclusive right to use and license such intellectual property and the associated goodwill.

39)    Defendant's use of the WOODPECKERS Work and '964 Patent design to advertise their infringing products has and will continue to cause confusion among purchasers and potential purchasers.

40)    Defendants are causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

41)    Without any authorization or license from Plaintiff, Defendants have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe Plaintiff's '964 Patent. *See* **Exhibit 4**.

42)    Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the WOODPECKERS Work in connection with the advertisement, offer for sale, and sale of the knockoff products, through, *inter alia*, the internet. The knockoff products are not Plaintiff's WOODPECKERS Products. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve the knockoff products for sale or distribution.

43)    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon WOODPECKERS Work and '964 Patent unless preliminarily and permanently enjoined.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

44)    Paragraphs 1-42 are realleged and incorporated herein by reference.

45)    Plaintiff's WOODPECKERS Work has significant value and has been produced and created at considerable expense. Plaintiff is the owner of the WOODPECKERS Work, which has been registered with the U.S. Copyright Office. *See* **Exhibit 2**. The WOODPECKERS Work constitutes original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

46)    Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, Plaintiff's WOODPECKERS Work, including derivative works.

47)    Upon information and belief, Defendants had access to the WOODPECKERS Work through Plaintiff's normal business activities. The WOODPECKERS Work is published on the internet and available to Defendants online. After accessing Plaintiff's WOODPECKERS Work, Defendants wrongfully created copies and derivative works of Plaintiff's WOODPECKERS

Work without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the WOODPECKERS Work via websites and online marketplaces in connection with the marketing and selling of their knockoff products. *See* **Exhibit 4**.

48)     Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's WOODPECKERS Work by making or causing to be made derivative works from Plaintiff's WOODPECKERS Work by producing and distributing reproductions without Plaintiff's permission. *Id*.

49)     Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's WOODPECKERS Work.

50)     Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

51)     Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, *et seq*.

52)     Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of Plaintiff's WOODPECKERS Work. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's WOODPECKERS Work.

53)    The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

54)    As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and 17 U.S.C. §§ 106(1)–(3), (5), and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

55)    Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

56)    Further, Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's WOODPECKERS Work from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## COUNT II
## INFRINGEMENT OF UNITED STATES DESIGN PATENT
## (35 U.S.C. § 271)

57)     Paragraphs 1-55 are realleged and incorporated herein by reference.

58)     Plaintiff is the lawful assignee of all right, title, and interest in the
'964 Patent. *See* **Exhibit 1**.

59)     Defendants are making, using, offering for sale, selling, and/or
importing into the United States for subsequent sale or use infringing products that
infringe the ornamental design claimed in the Plaintiff's '964 Patent either directly
or under the doctrine of equivalents. *See* **Exhibit 4**.

60)     Defendants have been and are infringing Plaintiff's '964 Patent by
making, using, selling, or offering for sale in the United States, or importing into
the United States, including within this judicial district, the accused products in
violation of 35 U.S.C.§ 271(a).

61)     Defendants have infringed Plaintiff's '964 Patent through the
aforesaid acts and will continue to do so unless enjoined by this Court. Defendants'
wrongful conduct has caused Plaintiff irreparable harm, including loss of market
share, price erosion, damage to reputation, and loss of goodwill. Plaintiff is entitled
to injunctive relief pursuant to 35 U.S.C. § 283.

62)     Defendants have infringed Plaintiff's '964 Patent because, in the eye
of an ordinary observer, the ornamental design of Plaintiff's '964 Patent and the

overall design of Defendants' infringing products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's '964 Patent.

63)    Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i.    making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in '964 Patent;

    ii.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon '964 Patent;

iii.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

iv.   using the WOODPECKERS Work or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized WOODPECKERS Product or is not authorized by Plaintiff to be sold in connection with the WOODPECKERS Work;

v.   reproducing, distributing copies of, making derivative works of, or publicly displaying the WOODPECKERS Work in any manner without the express authorization of Plaintiff;

vi.   passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under WOODPECKERS Work;

vii.   further infringing WOODPECKERS Work and damaging Plaintiff's goodwill;

viii.   shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in

21

any manner, products or inventory not authorized by Plaintiff to be
sold or offered for sale, and which directly use WOODPECKERS
Work, and which are derived from Plaintiff's copyright in
WOODPECKERS Work; and

ix. using, linking to, transferring, selling, exercising control over, or
otherwise owning the Defendant Internet Stores, or any other online
marketplace account that is being used to sell products or inventory
not authorized by Plaintiff which are derived from Plaintiff's
copyright in WOODPECKERS Work;

B. Entry of an Order that, upon Plaintiff's request, those in privity with
Defendants and those with notice of the injunction, including any online
marketplaces such as: Amazon and Temu; payment processors such as:
PayPal, Stripe, Payoneer, and LianLian; social media platforms such as:
Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter;
Internet search engines such as Google, Bing, and Yahoo; webhosts for the
Defendants Domain Names; and domain name registrars, that are provided
with notice of the injunction, cease facilitating access to any or all webstores
through which Defendants engage in the sale of knockoff products using the
Plaintiff's copyright; shall:

i. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in '964 Patent;

ii. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce WOODPECKERS Work or are derived from WOODPECKERS Work, including any accounts associated with Defendants;

iii. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from WOODPECKERS Work and '964 Patent; and

iv. take all steps necessary to prevent links to the Defendant accounts from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

C. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's '964 Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

23

D.   That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's '964 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.   In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of Plaintiff's '964 Patent, pursuant to 35 U.S.C. § 289;

F.   For Judgment in favor of Plaintiff against Defendants that they have:

   i) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. § 501; and

   ii) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

G.   For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be determined at trial;

H.   In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per work per infringement for each and every use of Plaintiff's copyrighted work;

I.   That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

J.   That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

24

## JURY DEMAND

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: September 11, 2025                    Respectfully submitted,

/s/*Kathryn A. Vance/*
KATRINA M. QUICKER
Georgia Bar No. 590859
KATHRYN A. VANCE
Georgia Bar No. 783480
QUICKER LAW, LLC
900 Circle 75 Parkway
Suite 100
Atlanta, GA 30339
T: 678-750-0451
F: 470-533-1182
kquicker@quickerlaw.com
kvance@quickerlaw.com

Zareefa B. Flener (IL Bar No. 6281397)
(*pro hac forthcoming*)
James E. Judge (IL Bar No. 6243206)
(*pro hac forthcoming*)
Ying Chen (IL Bar No. 6346961)
(*pro hac forthcoming*)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
zflener@fleneriplaw.com
jjudge@fleneriplaw.com
ying@fleneriplaw.com

*Attorneys for Plaintiff*
*Woodpeckers, LLC*